UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICE BAKER, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 19-CV-1013 TWR (DEB)<br><br>**ORDER (1) GRANTING DEFENDANTS' MOTIONS TO DISMISS AND<br>(2) DISMISSING WITHOUT PREJUDICE PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(ECF Nos. 51, 52) |

Presently before the Court are the Defendants City of San Diego and Housing Authority of the City of San Diego's ("City") Motion to Dismiss for Failure to State a Claim ("Mot.," ECF No. 51), as well as Plaintiffs' Opposition to ("Opp'n," ECF No. 57) and Defendants' Reply in Support of ("Reply," ECF No. 63) the Motion, and Defendant San Diego Housing Commission's ("SDHC") Motion to Dismiss for Failure to State a Claim ("Mot.," ECF No. 52), as well as Plaintiffs' Opposition to ("Opp'n," ECF No. 58) and Defendant's Reply in Support of ("Reply," ECF No. 64) the Motion. The Court held a hearing on January 20, 2021. Having carefully reviewed Plaintiffs' First Amended Complaint ("FAC," ECF No. 48), the Parties' arguments, the record, and the law, the Court

**GRANTS** both Motions to Dismiss (ECF Nos. 51, 52) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' First Amended Complaint.

## BACKGROUND[1]

On May 30, 2019, Plaintiffs filed this action against Defendants alleging violations of the (1) Federal Fair Housing Act ("FHA"), (2) 42 U.S.C. § 1983, and (3) California Fair Employment and Housing Act ("FEHA"). On August 1, 2019, Defendants City and County of San Diego ("County"), which is no longer a party to the action, each filed a Motion to Dismiss (ECF Nos. 26, 27). On August 9, 2019, Defendant SDHC also filed a Motion to Dismiss (ECF No. 29).

On June 1, 2020, Judge Battaglia issued an Order, granting in part and denying in part the City and SDHC's Motions to Dismiss and granting the County's Motion to Dismiss, all with leave to amend (ECF No. 44). Subsequently, on July 17, 2020, Plaintiffs filed the First Amended Complaint. On September 8, 2020, both the City and SDHC filed their instant Motions to Dismiss (ECF Nos. 51, 22), following which this action was transferred to the undersigned. (*See generally* ECF No. 55.)

## LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v.*

---

[1] For purposes of both Motions to Dismiss, the facts alleged in Plaintiffs' First Amended Complaint are accepted as true. *See Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (a court must "accept all material allegations of fact as true" when ruling on a motion to dismiss).

2
19-CV-1013 TWR (DEB)

*Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "A district court does not err in denying leave to amend where the amendment would be futile." *Id.* (citing *Reddy v. Litton Indus.*, 912 F.2d 291, 296 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991)).

## ANALYSIS

### I. Plaintiffs' FHA Claim Against both the City and SDHC

To bring a claim under the FHA, Plaintiffs must allege a theory of disparate treatment or disparate impact. *Gamble v. City of Escondido*, 104 F.3d 300, 304–305 (9th Cir.1997). In a disparate treatment case, a "plaintiff must establish that the defendant had a discriminatory intent or motive." *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive*

*Communities Project, Inc. ("ICP VI")*, 576 U.S. 519, 524 (2015).  At oral argument Plaintiffs conceded that they are not alleging a theory of discriminatory intent.  (*See generally* FAC; *see* Tr. at 44:11–13.)  Therefore, the only issue before the Court is whether Plaintiffs sufficiently allege a disparate impact theory under the FHA.

Disparate impact discrimination includes "actions by private or governmental bodies that create a discriminatory effect upon a protected class or perpetuate housing segregation without any concomitant legitimate reason."  *Ave. 6E Invs., LLC v. City of Yuma, Ariz ("Ave. 6E").*, 818 F.3d 493, 503 (9th Cir. 2009).  "A disparate impact claim relying on a statistical disparity must fail if the plaintiff cannot point to a defendant's policy or policies causing that disparity. A robust causality requirement is important in ensuring that defendants do not resort to the use of racial quotas."  *See ICP VI*, 576 U.S. at 521.  "If a statistical discrepancy is caused by factors other than the defendant's policy, a plaintiff cannot establish a prima facie case, and there is no liability.  *Id.* at 527; *Comm. Concerning Cmty. Improvement v. City of Modesto*, 583 F. 3d 690, 702–703 (9th Cir. 2009) (stating that gross statistical disparities alone . . . will not be sufficient to invalidate a challenged government action.)

In the FAC, Plaintiffs challenge various policies by the City and the SDHC.  (*See generally* FAC.)  However, the FAC falls short of meeting the heightened robust causality requirement required under *ICP VI* because it fails to adequately allege how the challenged policies of the City and SDHC have caused the claimed statistical disparity.[2]  Further, Plaintiffs have not established that the challenged policies are without any concomitant legitimate reason.  The Court therefore **GRANTS** both the City and SDHC's Motions and **DISMISSES** Plaintiffs' FHA claim without prejudice.

II. **Plaintiffs' § 1983 Claim Against both the City and SDHC**

Plaintiffs' § 1983 claim against both the City and the SDHC are based on alleged violations of the "federal and state laws and the 14th Amendment's Equal Protection

---

[2] While Plaintiffs argued at the hearing that *Ave. 6E.* is very similar to the facts of this case, the Court finds that argument to be unpersuasive.  The Supreme Court's guidance in *ICP VI* regarding the robust causality standard is the controlling authority by which the FAC must be analyzed.

Clause." (*See* FAC at 45.) Specifically, Plaintiffs allege Defendants have violated 42 U.S.C. § 3601 *et seq.* (the FHA) and 24 C.F.R. § 903.15(d). (*Id.* at 44.) A § 1983 claim may not be based on violations of state law or a regulation. *See Galen v. Cty. of Los Angeles*, 477 F.3d 652, 662 (9th Cir. 2007); *see also Save Our Valley v. Sound Transit*, 335 F.3d 932, 939 (9th Cir. 2003). Further, Plaintiffs' § 1983 claim cannot be based on violations of the FHA, because the FHA claim fails as against both the City and the SDHC for the reasons stated above. Therefore, the only remaining possible basis of the § 1983 claim is the Equal Protection Clause of the Fourteenth Amendment.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *See Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). "Where the challenged governmental policy is 'facially neutral,' proof of its disproportionate impact on an identifiable group can satisfy the intent requirement only if it tends to show that some invidious or discriminatory purpose underlies the policy." *See id.*

Here, Plaintiffs fail to allege the City and the SDHC acted with intent or purpose to discriminate against Plaintiffs. (*See generally* FAC.) Indeed, Plaintiffs conceded at the oral argument that their case does not involve discriminatory intent. (*See* Tr. at 44:11–13.) Accordingly, the Court **GRANTS** both the City and SDHC's Motions and **DISMISSES** Plaintiffs' § 1983 claim without prejudice.

**III. Plaintiffs' FEHA Claim Against both the City and SDHC**

Because Plaintiffs' FHA claim fails, Plaintiffs' claim for violation of FEHA also fails. *See Inestra v. Cliff Warren Invs., Inc.*, 886 F. Supp. 2d 1161, 1169 (C.D. Cal. 2012) (citing *Brown v. Smith*, 55 Cal. App. 4th 767, 780 (1997)). Accordingly, the Court **GRANTS** both the City and SDHC's Motions and **DISMISSES** Plaintiff's FEHA claim without prejudice.

/ / /

/ / /

## CONCLUSION

In light of the foregoing, the Court **GRANTS** the City and SDHC's Motions to Dismiss (ECF No. 51, 52) and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' FAC (ECF No. 48). Plaintiffs **MAY FILE** an amended complaint addressing the deficiencies identified in this Order within twenty-one (21) days of the electronic docketing of the Order. *Should Plaintiffs fail timely to file an amended complaint, this action will remain dismissed without prejudice.*

  **IT IS SO ORDERED.**

Dated: March 2, 2021

_____
Honorable Todd W. Robinson
United States District Court